UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

BRIANA BANY, a/k/a BRIANA BANKS,

    Plaintiff,

v.

HEALTH DEVICES CORPORATION
d/b/a DOC JOHNSON ENTERPRISES,

    Defendant.

Civil Action No. 2:06-cv-1315

---

# BRIEF OF DEFENDANT HEALTH DEVICES CORPORATION D/B/A DOC JOHNSON ENTERPRISES IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS; OR IN THE ALTERNATIVE TO TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)

Health Devices Corporation d/b/a Doc Johnson Enterprises, by and through its undersigned counsel, respectfully submits its Brief in Support of Motion to Dismiss for Forum Non Conveniens; or in the alternative, to Transfer this Action to the Central District of California Pursuant to 28 U.S.C. § 1404(a), stating as follows:

## INTRODUCTION

This action was commenced by plaintiff Briana Bany a/k/a Briana Banks ("Banks"), an actress starring in numerous sexually explicit, adult-themed films and videos, alleging claims for relief for breach of contract, violation of Section 43(a) of the Lanham Act (15 U.S.C. 1125(a)), violation of California Civil Code § 3344, violation of the California common law right of publicity, and "other state claims". The fundamental question presented in each of the claims for relief of plaintiff Banks is what rights, if any, were granted to defendant Health Devices Corporation d/b/a Doc Johnson Enterprises ("DJE") to utilize the name, likeness and image of plaintiff Banks in the production, marketing and sale of adult, sexually oriented novelties. As set

forth below, given the nature of this dispute, and the facts and circumstances from which it arises, dismissal of this action on the ground of forum non conveniens is warranted. In the alternative, this action should be transferred to the U.S. District Court for the Central District of California, pursuant to 28 U.S.C § 1404(a).

## RELEVANT FACTS

In October 2001, plaintiff Banks entered into a certain written Model License Agreement with defendant DJE [the "Agreement"] relating to the production, marketing and sale of adult, sexually oriented novelties. *Amended Complaint*, ¶ 6, Exhibit A. Defendant DJE is a Delaware corporation with its principal place of business in North Hollywood, California, and a citizen of California. *Amended Complaint*, ¶ 3; ¶ 6 of the accompanying December 8, 2006 Declaration of Ronald Braverman, with attached Exhibits ("*Braverman Decl.*"). The Agreement is governed by California law. *Amended Complaint*, Exhibit A, p.3.

At the time plaintiff Banks signed the Agreement, and performed the services contemplated thereby, she resided in Simi Valley, California, held a California driver license, and was therefore a California citizen. *Amended Complaint*, Exhibit A, p. 4; *Braverman Decl.*, ¶ 12. All of the services provided by plaintiff to defendant DJE under the terms and conditions of the Agreement were performed in the State of California. *Braverman Decl.*, ¶ 14. Defendant DJE's production of adult novelties bearing the name, likeness or image of plaintiff Banks also occurred exclusively in California. *Id.*

At all times relevant hereto, plaintiff Banks was under exclusive contract with non-party Vivid Entertainment, LLC f/k/a Vivid Video, Inc. (collectively "Vivid"), a producer of adult-themed, sexually explicit films and videos. Plaintiff entered into an "Exclusive Artist Agreement" with Vivid, whereby plaintiff Banks was marketed as a "Vivid Girl". *Braverman*

2

*Decl.* at ¶ 15. Plaintiff Banks' exclusive contract with Vivid restricts her acting, appearances to films and videos authorized by Vivid, together with restrictions placed on plaintiff Banks' ability to market, develop and disseminate merchandising, including adult novelties, utilizing her name, likeness and image *Id.* at ¶ 16. Upon information and belief, such restrictions are standard in each Vivid contract for a "Vivid Girl". *Id.*

> Plaintiff Banks' Artist Agreement with Vivid granted to Vivid the exclusive right
>
> to use and to license to others to use [plaintiff Banks'] stage name...physical likeness and/or voice for the purpose of advertising and exploiting any work embodying the performance and/or audio portion; <u>and the right to use any of the rights herein granted for commercial advertising or publicity (including endorsements) in connection with any product, commodity or service manufactured distributed or offered by [Vivid] or its assigns</u>. (emphasis added)

*Braverman Decl.*, ¶ 23. Pursuant to plaintiff Banks' Artist Agreement with Vivid, plaintiff was prohibited from entering into contracts with third-parties such as defendant DJE for the promotion of novelties utilizing her name, likeness and image. *Braverman Decl.*, ¶ 24. Thus, in order for defendant DJE to develop adult novelties for any "Vivid Girl" it was required to obtain a license to the rights granted by each actress to Vivid, which it did (the "License"). As part of the License with Vivid, defendant DJE was (and is) required to co-brand any novelties bearing plaintiff Banks' name, image and likeness with Vivid's trademark(s).

The rights granted by plaintiff Banks to Vivid, and the wide grant of right encompassed by the License between defendant DJE and Vivid, obviate any requirement that defendant DJE is legally obligated to enter into a separate contract with any of the "Vivid Girls". However, this is done at the request of non-party Vivid, in order to pay the Vivid Girls for their time in sitting for anatomically correct body part moldings and photographs. It does not however, circumscribe or otherwise limit the rights of defendant DJE pursuant to the License to utilize the name, likeness

and image of any Vivid Girl referred to it by non-party Vivid in the design, production and distribution of novelties that bear the trademark(s) of Vivid.

The manager and a principal of Vivid is Steven Hirsch, and the vice president of Vivid is Marci Hirsch, both of whom reside in California and are California citizens. *Braverman Decl.*, ¶ 30. Likewise, defendant DJE has no physical presence of any kind in Pennsylvania. *Braverman Decl.*, ¶ 7. Thus, with regard to Pennsylvania, DJE has no manufacturing facilities; no retail outlets; no branch offices; no subsidiaries or affiliates; no bank accounts; and no agents, employees or authorized representatives. *Id.* Nor is defendant DJE registered as a foreign corporation in Pennsylvania. *Id.* Further, defendant DJE does not transact any business in Pennsylvania other than having its products enter the state indirectly through the stream of interstate commerce. *Id. at* ¶ 8. All of defendant DJE's sales originate in California, and defendant DJE's products are distributed from California. *Id.*

Given the nature of the instant dispute, and the fact that the central issue presented is what rights, if any, were granted to defendant DJE to utilize the name, likeness and image of plaintiff Banks in the development of novelties, the testimony of Vivid's employees will likely play a central role.

## ARGUMENT

### I. DISMISSAL FOR FORUM NON CONVENIENS IS WARRANTED

A district court may dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish...oppressiveness and vexation to a defendant ...out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." (internal quotations omitted) *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102

S.Ct. 252, 258 (1981). *See also Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947); *Lacey v. Cessna Aircraft Company*, 862 F.2d 38, 43 (3d Cir. 1988). "The ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. American Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 833 (1947).

Plaintiff Banks should have commenced this action in the United States District for the Central District of California. This is where defendant DJE is located, and thus amenable to service of process. It is where plaintiff Banks resided at the time she signed the Agreement, and where [all] of the services were performed by plaintiff Banks under the Agreement.[1] It is the jurisdiction whose law governs the Agreement according to its own terms. Critically, it is also where Vivid is located, as well as the location of two of its officers who can testify as to the terms of Vivid's License with defendant DJE– i.e., Steven Hirsch and Marci Hirsch. Finally, the inappropriateness of plaintiff Banks' chosen venue is highlighted by the fact that defendant DJE has no presence whatsoever in Pennsylvania. As set forth below, under such circumstances, this matter should be dismissed.

### A. AN ADEQUATE ALTERNATIVE FORUM EXISTS

A district court entertaining a forum non-conveniens motion must first decide whether an adequate alternative forum exists. *See Lacey, supra,* 862 F.2d at 43. The availability of an alternative forum is usually satisfied where the defendant is amenable to process in the other jurisdiction, and is only at issue where the remedies available in the alternative forum are inadequate. *See Piper, supra,* 454 U.S. at 254, n. 22. Here, not only is defendant DJE amenable to service in California, but the alternative forum where this dispute should be heard - Federal

---

[1] Plaintiff Banks' current purported address in Pennsylvania is the only contact between this State and this action.

5

District Court for the Central District of California – is obviously capable of rendering any remedies that plaintiff seeks in the instant action. Accordingly, there is an adequate alternative forum to hear this dispute.

Once this initial hurdle has been overcome, the Court must then focus its inquiry on ensuring that the "trial is convenient." *Piper, supra.*, 454 U.S. at 266. Fixing the "place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants" *Gilbert, supra*, 330 U.S. at 511, 67 S.Ct at 844. To do so, the Court must consider and balance several private and public interest factors that are relevant to the determination after according the plaintiff's choice of forum deference. *Lacey*, 862 F.2d at 43, 45. There is no rigid rule that governs the Court's determination, and each case turns on its facts. *Id.* at 43.

### B. A BALANCING OF THE PRIVATE AND PUBLIC INTEREST FACTORS WARRANTS DISMISSAL OF THIS ACTION

The list of public and private factors is not exhaustive, and certain factors may not be relevant in the context of a particular case. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 528, 108 S.Ct. 1945, 1952-53 (1988). A defendant must provide enough information to enable a District Court to balance the parties' interests, but it need not submit overly detailed affidavits. *Lacey*, 862 F.2d at 44. There is no hard and fast rule as to the amount or type of information that a defendant must submit, and the issue depends on the facts of the particular case. *Id.*

#### 1. Private Interest Factors

The *private interest factors* which a district court should consider include: (a) the relative ease of access to sources of proof; (b) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing, witnesses; (c) possibility of view of premises, where appropriate; and (d) all other practical problems that make trial of a case

easy, expeditious and inexpensive. *Lacey, supra*, 862 F.2d at 46 [citing *Gilbert*]. "In examining the relative ease of access to sources of proof, and the availability of witness, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and to determine whether the pieces of evidence cited by the parties are critical, or even relevant to, the plaintiff's cause of action and to any potential defenses to the action." Id. (internal quotations omitted).

Examining the facts of this action evidences that the private facts tip in favor of dismissal in this instance. Here, while defendant DJE believes that the terms and conditions of the Agreement between it and plaintiff Banks absolves defendant DJE from any liability, the terms and conditions of the License between defendant DJE and Vivid are also dispositive on the issue. Assuming, *arguendo*, that the terms and conditions of the Agreement do not provide a broad grant of rights to defendant DJE to utilize the name, likeness and image of plaintiff Banks, the fact that she gave such rights to Vivid, which in turn licensed said rights to DJE, would also provide a complete defense to her claims.

Defendant DJE would therefore be severely prejudiced in defending this action if it were unable to procure the testimony of representatives of Vivid to testify about the nature of its exclusive contract with plaintiff Banks, and the terms and conditions of its License with defendant DJE. Given that the two individuals employed by Vivid having the most knowledge of these issues - Steven and Marci Hirsch – are California residents who cannot be compelled to testify at trial, there is a substantial risk of non-attendance when the trial of this matter occurs, and resulting prejudice to defendant DJE. Arguably, both Steven and Marci Hirsch could be deposed in California, and the transcripts of said depositions entered at trial in lieu of live testimony. However, such a scenario has been frowned upon by the Supreme Court, which noted

that such a situation is "not satisfactory to court, jury or most litigants." *Gilbert*, 330 U.S. at 511, 67 S.Ct at 844.

Due to the prejudice that would result to defendant DJE in the event that neither Steven nor Marci Hirsch would agree to voluntarily appear at trial, it would be oppressive and vexatious for the matter to remain lodged with the current venue. *See Gilbert*, 330 U.S. at 511; *Lacey*, 862 F.2d at 46-7. Moreover, having to travel from California to Pennsylvania to defend this action, with the related inconvenience, delay and expense, makes trial of the claim in Pennsylvania anything but "easy, expeditious and inexpensive." *Lacey*, 862 F.2d at 46.

### 2. Public Interest Factors

The *public interest factors* which a district court must consider include (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized controversies decided at home; (c) the interest in having the trial in a diversity case in a forum that is at home with the law that must govern; (d) the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and (e) the unfairness of burdening citizens in an unrelated forum with jury duty. *Lacey*, 862 F.2d at 48, *citing Piper, supra*. Applying these factors to the facts of this matter, it is evident that the public interest factors tip in favor dismissing this action for forum non conveniens.

Here, as evidenced by plaintiff Banks' Amended Complaint, there is a paramount local interest in having a Court sited in California hear this dispute. Except for her federal claim under the Lanham Act, plaintiff Banks has only alleged claims for relief sounding in state law, including breach of contract, violation of California Civil Code § 3344, violation of the California common law right of publicity, and "other state claims". California's local interest in having this controversy decided at home is undeniable: (1) defendant DJE is located in

California; (2) plaintiff Banks was living in California at the time the Agreement was entered into and performed; (3) the performance, or lack thereof of the Agreement's terms and conditions occurred in California; and (4) Vivid and its executive officers are located there. Militating against the aforesaid factors, and the paramount interest of having the courts of California hear this dispute, is merely plaintiff Banks' purported current residence in the State of Pennsylvania. *See Lacey*, 862 F.2d at 48-9.

Moreover, having this matter decided in a forum where the laws of California are regularly addressed promotes judicial economy and avoids having citizens residing in the Western District of Pennsylvania from having to serve on a jury, and deciding a dispute which inarguably arose in an unrelated forum. Accordingly, the Court should grant defendant DJE's instant motion in its entirety.

## II. IN THE ALTERNATIVE, THE ACTION SHOULD BE TRANSFERRED TO THE DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and the witnesses and in the interest of justice, transfer any civil action to any other district where the action might have been brought. *28 U.S.C. § 1404(a). See Piper, supra*, 454 U.S. at 252-254. Should the Court not deem it appropriate to dismiss this action based on forum non conveniens, defendant DJE requests that the Court transfer this action to the U.S. District Court for the Central District of California. This is where defendant is located; where the critical witnesses Steven and Marci Hirsch are located; where the contract was consummated and where the services were rendered; and within the jurisdiction [California] whose law controls pursuant to the parties' contract. *28 U.S.C. § 1404(a); Piper, supra.*

# CONCLUSION

By reason of the foregoing, the instant motion of defendant DJE should be granted in its entirety, and this action should dismissed based on forum non conveniens. In the alternative, this action should be transferred to the U.S. District Court for the Central District of California. Defendant DJE also requests such other and further relief as the Court deems just and proper.

Dated: December 11, 2006                    Respectfully submitted,

**LIPSITZ GREEN SCIME CAMBRIA LLP**
A. Nicholas Falkides, Esq.
Jeffrey P. Reina, Esq.
42 Delaware Avenue, Suite 120
Buffalo, New York 14120
*Pro Hac Vice* Admission pending

and

**BUCHANAN INGERSOLL & ROONEY P.C.**

/s/ Timothy P. Palmer
Timothy P. Palmer, Pa. I.D.#86165
Alexander S. Saksen, Pa. I.D. #86049
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Tel: (412) 562-8413
Fax: (412) 562-1041