IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIANA BANY, a/k/a BRIANA BANKS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1315 |
| ) | Judge Gary L. Lancaster |
| HEALTH DEVICES CORP., d/b/a ) | Magistrate Judge Lisa Pupo Lenihan |
| DOC JOHNSON ENTERPRISES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss for Forum Non Conveniens or Transfer Under 28 U.S.C. § 1404(a) be granted in the form of transfer of this action to the United States District Court for the Central District of California.

### II. REPORT

This case is an action for violation of the Lanham Act, 15 U.S.C. § 1125(a), breach of a contract governed by California law, and violations of California Civil Code § 3344, California common law rights of publicity, and other state claims. See Plaintiff's Brief in Opposition at 1. Because this Report concludes that the relevant factors weigh in favor of discretionary transfer, it is recommended that the instant action be transferred to the Central District of California Court.

A.  **Statement of Facts**

In October, 2001, Plaintiff, then a resident of Simi Valley, California and an adult film actress, entered into a written contract (the "Model License Agreement") with Defendant Doc Johnson Enterprises (("DJE") authorizing DJE's production and marketing of adult-entertainment "novelties" based on partial body moldings of Plaintiff.  The Agreement is governed by California law.  The body molding necessary to production of the licensed novelties occurred in California, as did production of the merchandise.[1]  The merchandise was then marketed, distributed and sold nationally through adult-entertainment enterprises, including enterprises located in Pennsylvania.[2]

Plaintiff's claims are most fundamentally that Defendant exceeded the rights granted under the Model License Agreement by manufacturing and marketing unauthorized merchandise utilizing her name and/or likeness.  Defendant's response is most fundamentally that any utilization of Plaintiff's name and/or likeness was authorized by the terms of DJE's general

---

1. DJE is a Delaware corporation with its principal place of business in North Hollywood, California.

2. Defendant acknowledges that it transacts business in Pennsylvania by having its products enter the State through the stream of commerce. See Brief in Support at 4.  See also Brief in Opposition at 2 (describing DJE as "an international manufacturer and distributor of adult novelty products").

   Defendant questions the extent of Plaintiff's residency in Pennsylvania.  See id. at 5. Compare Brief in Opposition at 2 (asserting that Plaintiff has "resided in [Pennsylvania] for well over one year and has taken up permanent residency in [the] Commonwealth").

license with Vivid Entertainment, LLC ("Vivid"), to which Plaintiff had granted broad license/rights under an "Exclusive Artist Agreement" (the "Bany-Vivid Agreement").[3] Vivid, and its principals with knowledge relevant to this case, are in California.

The assertions of Defendant's Motion to Dismiss and Alternative Motion to Transfer are that for of fairness, convenience, justness, efficiency, and other reasons of private and public interest, California is a more appropriate forum for this action - turning on the conditions of the a contract entered into in California, between a California resident and an entity with its principal place of business in California, performed in California, related to other licensing arrangements between the parties and another California entity, reflected in records compiled and maintained in California, and premised on alleged violations under Federal and California State law.[4] As noted, Defendant contends the action should therefore be either (a) dismissed under the doctrine of *forum non conveniens* or (b) transferred under 28 U.S.C. § 1404(a).

**B.  Motions to Dismiss or Transfer**

The Court considering a motion to dismiss "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

---

3. Pursuant to the Vivid Agreement, Plaintiff would be marketed/promoted as a "Vivid Girl." DJE asserts that it obtained, from Vivid, licenses to the rights granted by each Vivid Girl and that such license(s) encompassed the actions underlying Plaintiff's Complaint.  See Brief in Support of Motion at 2-4.

4. Following Defendant's Motion to Dismiss or Transfer, Plaintiff added Pennsylvania law state claims.  See February 22, 2002 Second Amended Complaint (alleging unfair competition in violation of statute and common law invasion of privacy).  The additional claims are premised on DJE's distribution of products within Pennsylvania and, as noted above, Plaintiff alleges that Defendant is an international distributor.

In reviewing a motion to dismiss on grounds of *forum non conveniens* or, in the alternative, transfer from a proper venue pursuant to 28 U.S.C. § 1404(a), the factors examined by the Court include convenience to the parties and witnesses, and the interests of justice. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).[5] The party seeking to transfer the case has the burden of establishing the justice of transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); id. at 875.

C. **Analysis**

In Federal Courts, the common law doctrine of *forum non conveniens* now serves a limited purpose, and is generally employed by a District Court to dismiss a case when the more convenient forum is in a foreign country. See, *e.g.*, Toll Bros., Inc. v. Nationwide Property & Casualty Ins. Co., 2005 WL 2600207, at *2 n. 1 (E.D. Pa. Oct. 13, 2005) (noting that "the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad").

Other similar considerations are now generally governed by the statutory provisions of 28 U.S.C. § 1404(a). In considering a transfer under §1404(a), in accordance with the express terms of the statute, the Court must evaluate the convenience of the parties, the convenience of the witnesses and the interests of justice. See 1404(a). And although a plaintiff's choice of venue is

---

5. More specifically, the language of 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the Third Circuit, a plaintiff's choice of forum is generally a significant consideration in deciding a discretionary motion to transfer under § 1404(a).

not lightly disturbed, the Court must also consider a variety of other private and public factors. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The private interests include the parties' preferences, the convenience of the parties, the unavailability of witnesses for trial,[6] and the situs of books and records.  Id. (citing 15 Wright, Miller & Cooper § 3848-3853).  See also American Littoral Soc. v. U.S. E.P.A., 943 F.Supp. 548, 550 (E.D. Pa. 1996).  Applicable public factors include the enforceability of the judgment; factors that could make the trial easier, more expeditious, or less expensive; relative administrative difficulties pertaining to court congestion; "the local interest in deciding local controversies at home"; the public policies of the fora; and the familiarity of the trial judge with applicable state law in diversity cases. Jumara, 55 F.3d at 879 (citing Wright, Miller & Cooper § 3854).[7]  In addition, a plaintiff's choice of forum is given significant weight as reflecting either a home forum or dispute-resolution preference.  See Am. Littoral Soc'y v. United States Envtl. Prot. Agency, 843 F.Supp. 548, 551 (E.D. Pa. 1996); Jumara, *supra*.  In this case, Plaintiff's home forum is currently Pennsylvania, although the contract at issue was entered into when both parties were sited in California and, by its terms, it is governed by California law.  Cf. Jumara,

---

6. The convenience of the witnesses has been considered a "particularly significant factor." Kahhan v. City of Fort Lauderdale, 566 F.Supp. 736, 739 (E.D. Pa. 1983).

7. See also id. (noting that the courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum") (citing Wright, Miller & Cooper, § 3847); Elan Suisse Ltd. v. Christ, 2006 WL 3838237, *3 (E.D. Pa. Dec. 29, 2006) (noting that district courts have broad discretion "to adjudicate motions for transfer accord to an 'individualized, case-by-case consideration of convenience and fairness'") (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

*supra* (noting that decision to transfer under § 1404(a) involves multi-factor test in which forum selection is one facet of convenience-of-parties consideration).  Moreover, as discussed *supra*, the action will require that the Court look to agreements entered into and events occurring in California.[8]

The Report concurs with Defendant's assertions that weighing against Plaintiff's choice of Pennsylvania as her current home forum and as most convenient to her are the following factors: Defendant has its principal place of business in California and its witnesses and documents are located there; Vivid has its place of business in California and its witnesses and documents are located therein;[9] the Agreements between Plaintiff and DJE and Vivid were executed and performed in California and are governed by California law; and all claims initially raised by Plaintiff other than her Lanham Act claims were brought under California law (with which the California District Court may be expected to have more familiarity).[10]  This analysis is not substantially changed by Plaintiff's filing of an Amended Complaint in response to the Motion

---

8.  See Gallant v. Trustees of Columbia University in the City of New York, 111 F.Supp.2d 638, 647 (E.D. Pa. 2000) (noting that plaintiff's choice of forum is given less weight where "few, if any, of the operative facts took place in [that] forum . . . and the defendant has indicated strong preference for another district") (citing National Mortgage Network v. Home Equity Ctr., 683 F.Supp. 116, 119 (E.D. Pa. 1988)); Piper, *infra* at 266 n. 23 (noting that dismissal should not be "automatically barred" on a home-forum basis).

9.  Plaintiff's assertions to the contrary notwithstanding, the written nature of the various licensing agreements does not preclude the possibility of relevant and/or necessary witness testimony in this matter.  Cf. Brief in Opposition at 3.

10. See Ferrens v. John Deere Co., 494 U.S. 516 (1990) (noting the appropriateness of "a forum that is at home with the state law" governing the case).

for Transfer which asserts statutory and common law invasion of privacy claims purportedly under Pennsylvania law.  In view of the nationwide distribution of the products at issue, the Report is not persuaded that these claims are governed uniquely by Pennsylvania law as opposed to that of any other distributee state or of California, which remains the center of the parties' relationship.  Cf. *supra* note 4.

For the reasons aforesaid, this Report concludes Defendant has met its burden of showing that the convenience of the parties and witnesses, and the interest of justice weigh in favor of transfer to the California District Court, which is the on balance the more proper and convenient forum.  See Koster v. American Lumbermen's Mutual Casualty Co., 330 U.S. 518 (1947) ("The ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice."); Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981); Lacey v. Cessna Aircraft Co., 862 F.2d 38 (3d Cir. 1988).

**III.  CONCLUSION**

For the reasons set forth above, is respectfully recommended that the Defendant's Motion to Dismiss and Alternative Motion to Transfer be granted as to a transfer of this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California.

In accordance with the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for MagistrateJudges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge


Dated: June 18, 2007


cc: All Counsel of Record